ATTORNEY GENERAL HENRY HAS ASKED ME TO RESPOND TO YOUR RECENT REQUEST THAT WE ADDRESS QUESTIONS OF THE CITY OF EL RENO REGARDING OKLAHOMA'S CONFLICT OF INTEREST STATUTES AND OPEN MEETING ACT. AS THE QUESTIONS ASKED BY THE EL RENO CITY ATTORNEY MAY BE ANSWERED BY REFERENCE TO SPECIFIC STATUTES AND FORMER ATTORNEY GENERAL OPINIONS, IT DOES NOT APPEAR NECESSARY TO ISSUE AN OFFICIAL RESPONSE AT THIS TIME. I OFFER THE FOLLOWING DISCUSSION IN LIEU OF AN OFFICIAL OPINION. MR. HENRICKSEN'S FIRST QUESTION CONCERNS WHETHER 11 O.S. 8-106 [11-8-106] (1981) APPLIES TO CONTRACTUAL RELATIONSHIPS BETWEEN A MUNICIPAL GOVERNMENT AND RELATIVES OF A CITY COUNCILMAN. THE PLAIN LANGUAGE OF THAT STATUTE PROHIBITS THE APPOINTMENT OF RELATIVES WITHIN THE THIRD DEGREE OF CONSANGUINITY OR AFFINITY TO POSITIONS WITHIN THE MUNICIPAL GOVERNMENT, UNLESS THE OFFICER OR EMPLOYEE TO BE APPOINTED IS ALREADY IN THE SERVICE OF THE MUNICIPALITY. SECTION 8-106 THUS ONLY APPLIES TO POSITIONS WITH THE MUNICIPALITY, AND NOT TO CONTRACTUAL RELATIONSHIPS. THE RELEVANT LAWS CONCERNING CONFLICTS OF INTEREST ARE FOUND AT ARTICLE X, SECTION 11 OF THE OKLAHOMA CONSTITUTION, 21 O.S. 344 [21-344] AND 62 O.S. 371 [62-371] (1981). I AM CERTAIN THAT MR. HENRICKSEN, AS CITY ATTORNEY, HAS ACCESS TO COPIES OF THESE LAWS, THUS COPIES ARE NOT ENCLOSED. WHETHER IN ANY PARTICULAR INSTANCE A CONFLICT OF INTEREST EXISTS UNDER ONE OF THESE LAWS IS A QUESTION OF FACT WHICH CANNOT BE ADDRESSED IN AN OFFICIAL OPINION, BUT IS ORDINARILY TO BE DETERMINED BY THE MUNICIPALITY IN QUESTION, PERHAPS AFTER CONSULTATION WITH THE DISTRICT ATTORNEY'S OFFICE, AS IT IS THAT OFFICE WHICH WOULD PROSECUTE ANY CONFLICT OF INTEREST. I AM, HOWEVER, ENCLOSING A COPY OF A.G. OPIN. NO. 83-119, WHICH DISCUSSES, IN RELATION TO SCHOOL BOARD STATUTES WHICH ARE SIMILAR TO THOSE APPLICABLE TO MUNICIPALITIES, THE PARAMETERS OF A CONFLICT OF INTEREST ANALYSIS. MR. HENRICKSEN ALSO ASKS WHETHER THE OKLAHOMA OPEN MEETING ACT, 25 O.S. 301 [25-301] (1981) ET SEQ., AS AMENDED, PROSCRIBES AN AGENDA ITEM WHICH PROVIDES FOR GENERAL COMMENTS FOR MEMBERS OF THE MUNICIPAL GOVERNING BODY, AND MEMBERS OF THE PUBLIC. CLEARLY, WHILE THE OPEN MEETING ACT DOES NOT REQUIRE COMMENTS FROM THE PUBLIC, SUCH COMMENTS ARE, AS A MATTER OF PUBLIC POLICY, ENCOURAGED BY THIS OFFICE. OF COURSE, A PUBLIC BODY CANNOT ANTICIPATE THE TYPES OF COMMENTS WHICH MAY BE MADE BY A PARTICULAR CITIZEN, SHOULD THE OPPORTUNITY TO MAKE COMMENTS BE AFFORDED. THE CITIZEN COMMENTS COULD ORDINARILY FALL WITH THE SCOPE OF "NEW BUSINESS" WHICH, IF INCLUDED AS AN AGENDA ITEM, COULD BE A PART OF THE MEETING'S AGENDA. IT IS THIS OFFICE'S POSITION, HOWEVER, THAT ALTHOUGH CITIZEN COMMENTS WHICH EVENTUALLY LEAD TO ACTION BY THE PUBLIC BODY COULD CONCEIVABLY FALL UNDER THE AUSPICES OF NEW BUSINESS, ANY ACTION BY THE COUNSEL WHICH COULD BE DEFERRED TO A LATER MEETING IS BEST SO DEFERRED. THE SITUATION WITH RESPECT TO GENERAL COMMENTS FROM MEMBERS OF THE GOVERNING BODY IS DIFFERENT. MEMBERS OF THE GOVERNING BODY ARE FREE TO REQUEST THAT A TOPIC BE PLACED ON THE AGENDA, AND UNLESS THE COMMENTS OF THE MEMBER FALL WITH THE DEFINITION OF NEW BUSINESS, EACH TOPIC TO BE DISCUSSED SHOULD BE INCLUDED AS AN AGENDA ITEM, REGARDLESS OF WHETHER ACTION IS CONTEMPLATED. (SUSAN BRIMER LOVING)